■ JOSEPH L. CHAPADEAU, Respondent, v. UTICA OBSERVER-DISPATCH, INC., Appellant.— Order unanimously reversed, with costs, motion granted and complaint dismissed. Memorandum: This action is to recover damages for libel. Plaintiff, a public school teacher, was arrested in Utica on charges of criminal possession of a hypodermic instrument and a dangerous drug (heroin) in the fourth degree, a felony. The next day defendant's newspaper reported that plaintiff was so arrested and that two Herkimer men were also arrested and charged with drug violation. Later in the article it was stated that " The trio was part of a group at a party in Brookwood Park when they were arrested. Drugs and beer were found at the party, police charge." Plaintiff's action is founded on these quoted sentences. He claims that they are libelous because he was not arrested with the two Herkimer men as part of a trio and did not attend the party at Brookwood Park; but he admits the truth of the remainder of the news article. He also claims that defendant's reporter had no " source "

for the quoted sentences and that malice may be inferred from that fact and the fact that the police "Arrest Record" contained a notation, "Do not release to the newspaper". Defendant admits that its story was incorrect insofar as it stated that plaintiff was part of a trio and was arrested in Brookwood Park. The parties agree that a reading of the article would show an internal inconsistency in it in this respect. Since plaintiff was a public school teacher charged with a narcotics crime, clearly his arrest was a matter of public concern and in reporting it defendant was clothed with a qualified privilege. Plaintiff could, therefore, succeed in this libel action, "only upon clear and convincing proof that the defamatory falsehood was published with knowledge that it was false or with reckless disregard of whether it was false or not" (*Rosenbloom* v. *Metromedia*, 403 U. S. 29, 52). Defendant having moved for summary judgment of dismissal of the complaint, plaintiff must allege some fact or facts from which malice on the part of defendant in its publication of the story may be inferred (*Trails West* v. *Wolff*, 32 N Y 2d 207; *Cole Fisher Rogow, Inc.* v. *Carl Ally, Inc.*, 25 N Y 2d 943; *Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56; *Hahn* v. *Andrello*, 44 A D 2d 501; and see *Kent* v. *City of Buffalo*, 29 N Y 2d 818). The only basis herein for plaintiff's claim of malice is defendant's failure to discover and correct the error in its story. This is insufficient without more to entitle plaintiff to go to trial on the issue of malice (*Trails West* v. *Wolff, supra*, pp. 219, 221; *Kent* v. *City of Buffalo, supra*; *Shapiro* v. *Health Ins. Plan of Greater N. Y., supra*). (Appeal from order of Oneida Special Term in libel action.) Present — Marsh, P. J., Witmer, Mahoney, Goldman and Del Vecchio, JJ.